UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH & WILDLIFE SERVICE, et al.,<br><br>Defendants. | Case No. 15-cv-05754-JST<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: ECF No. 13 |

Before the Court is a Motion to Intervene filed by Siskiyou County of California, Douglas County of Oregon, and five trade associations. ECF No. 13. Plaintiffs do not oppose intervention, ECF No. 31, and therefore the Court will grant the motion. Plaintiffs additionally request two restrictions on intervention. The Court will deny both requests.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Center for Biological Diversity and Environmental Protection Information Center ("Plaintiffs") submitted a listing petition under section 4(b)(3) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(3), seeking to have the coastal marten—a bushy-tailed woodland carnivore, also known as the Humboldt marten, that inhabits the western United States west of the crest of the Rocky Mountains—listed as an endangered or threatened species. ECF No. 13 at 9. U.S. Fish & Wildlife Service ("USFW") initiated a status review and concluded that "coastal martens are not at risk of extinction throughout all or a significant portion of their range, either now or in the foreseeable future . . . and listing coastal martens as a threatened or endangered under the ESA is 'not warranted.'" ECF No. 1 ¶ 35.

As a result, Plaintiffs brought this action against the USFW and other Defendants (Sally Jewel and Daniel M. Ashe, in their official capacities) seeking declaratory and injunctive relief. ECF No. 1. Plaintiffs request that the Court declare the USFW's finding for the coastal marten

1   contrary to the best scientific and commercial data available and in conflict with the plain

2   language of the ESA.  Id. at 13-17.  Plaintiffs also request the Court set aside the USFW's finding

3   and instruct the USFW to reconsider the coastal marten's listing in accordance with the ESA.  Id.

4   On February 18, 2016, Siskiyou County of California, Douglas County of Oregon, and five

5   trade associations ("Intervenors") moved for leave to intervene as of right, or in the alternative,

6   permission to intervene.  ECF No. 13 at 7.  The trade associations are the American Forest

7   Resource Council, National Association of Home Builders, California Forestry Association,

8   Oregon Forest Industries Council, and Douglas Timber Operators.  Id.

9   Plaintiffs submitted their Response on February 24, 2016,.  ECF No. 31.  Plaintiffs do not

10   oppose intervention by Intervenors, but request two conditions be imposed on the intervention.  Id.

11   at 1.  First, they request that Intervenors be prohibited from seeking to discover or otherwise

12   introduce any extra-record evidence.  Second, they request that Intervenors be restricted to filing

13   only a single brief in opposition to Plaintiffs' anticipated motion for summary judgment.  Id. at 2.

14   Intervenors filed their Reply to Plaintiff's Response ("Reply") on March 10, 2016.  ECF

15   No. 42.  Intervenors again argued that the Court should grant them intervention as of right and

16   opposed both of Plaintiffs' requested conditions because "they are incompatible with rule[s]

17   governing intervention as of right and are unnecessary to efficient resolution of this case."  Id. at 2.

## II. LEGAL STANDARD

19   Federal Rule of Civil Procedure 24(a) allows parties to intervene in actions as of right:

> On timely motions, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

23   To be entitled to intervention as of right, "(1) the motion must be timely; (2) the applicant

24   must claim a 'significant protectable' interest relating to the property or transaction which is the

25   subject of the action; (3) the applicant must be so situated that the disposition of the action may as

26   a practical matter impair or impede its ability to protect that interest; and (4) the applicant's

27   interest must be inadequately represented by the parties to the action."  Wilderness Soc. v. U.S.

28   Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (citing Scotts Valley Band of Pomo

1   Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990)).

2       Courts considering 24(a) motions follow "'practical and equitable considerations'" and
3   construe the rule "broadly in favor of proposed intervenors." Wilderness Soc., 630 F3d at 1179
4   (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)). "We do so
5   because '[a] liberal policy in favor of intervention serves both efficient resolution of issues and
6   broadened access to the courts.'" Id.

### III.  ANALYSIS

For the reasons discussed below, the motion to intervene is granted, and Plaintiffs' requested restrictions are denied.

#### A.  Motion to Intervene

Intervenors have moved the Court for intervention both as of right and by permission. ECF No. 13 at 7. Plaintiffs "dispute both the relevance and the veracity of many factual assertions" by Intervenors, but state that they do not oppose intervention by the proposed intervenors. ECF No. 31 at 1. Because no one contests that the conditions for intervention are met, the Court will grant the motion.

First, as Intervenors suggest, the motion is timely. Three factors should be evaluated to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted). At the time of the filing of the motion, Defendants had not yet filed a response to the complaint, and no substantive proceedings have occurred. Plaintiffs acknowledgment of Intervenors' right to intervene also suggests there will be no prejudice.

Second, Intervenors also argue that they have significant protectable interests. A "specific legal or equitable interest" is not required, and it is "generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Wilderness Soc'y v. United States Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (citations omitted). Here, Intervenors allege that many of them own

1  significant amounts of land within the current range of the coastal marten, and that this land would
2  be affected by decisions regarding the treatment of the marten's habitat. ECF No. 14-15. They
3  further allege that they have contract interests, in particular timber sale contracts involving the
4  land affected by this case. Id. at 15-16. Intervenors also claim that they have "ongoing use
5  interests" in the areas occupied by the marten, such as in avoiding the dangers of fire risk from
6  reduced management. Id. at 16-17. Finally, the two counties participating in the motion to
7  intervene, Siskiyou and Douglas County, both argue they have economic interests at stake,
8  including revenue from timber sales, job growth, and value derived from the presence of the
9  timber industry. Id. at 17-18.

10  With regards to the third factor, Intervenors argue their ability to protect the above interests
11  may be impaired without intervention, pointing to Plaintiffs' allegations that "ongoing logging" is
12  one of the reasons the costal marten should be listed under the ESA. ECF No. 13 at 19. As a
13  result, Plaintiffs' requested relief would likely affect the availability of timber resources and
14  harvesting. See id.

15  Finally, Intervenors suggest that the USFW may not adequately represent Intervenors'
16  interests. Intervenors' burden "in showing inadequate representation is minimal: it is sufficient to
17  show that representation *may* be inadequate." Forest Conservation Council v. U.S. Forest Serv.,
18  66 F.3d 1489, 1498 (9th Cir. 1995) (citations omitted), abrogated on other grounds by Wilderness
19  Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011). Intervenors contend they have "strong
20  interests in maintaining employment and community stability in the places they operate, which are
21  not the focus of the federal defendants' concerns." ECF No. 13 at 21 (citing to Forest
22  Conservation Council, 66 F.3d at 1499 ("Inadequate representation is most likely to be found
23  when the applicant asserts a personal interest that does not belong to the general public.")).

24  In light of Intervenors' arguments and the lack of any opposition by Plaintiffs, the Court
25  concludes Intervenors may intervene pursuant to Fed. R. Civ. P. 24.

26  **B.     Plaintiffs' Requested Restrictions**

27  The Court turns next to Plaintiffs' request that it subject Intervenors to two restrictions.
28  ECF No. 31 at 1. Other courts have held that "[a]n intervention of right under the amended rule

1  may be subject to appropriate conditions or restrictions responsive among other things to the
2  requirements of efficient conduct of the proceedings." San Juan Cty., Utah v. United States, 503
3  F.3d 1163, 1189 (10th Cir. 2007) (quoting Fed. R. Civ. P. 24, Advisory Committee notes to the
4  1966 Amendment). Here, the Court concludes neither requested restriction is appropriate at this
5  time.

### 1. Restriction on Seeking Discovery and Introduction of Record Evidence

Plaintiffs first urge that "[I]ntervenors should be prohibited from seeking to discover or otherwise introduce any extra-record evidence in this administrative record review case." Id. at 2. Relying on San Luis & Delta-Mendota Water Auth. v. Locke, 776 F.3d 971, 992 (9th Cir. 2012) and other case law, they argue that the Court's review of agency action should be limited to the administrative record, and therefore that "prohibiting [I]ntervenors from seeking to introduce evidence not contained in the federal defendants' administrative record is appropriate." ECF No. 31 at 2. Intervenors respond that "[w]ith the record not yet lodged, it is premature to determine whether the record should be supplemented." ECF No. 42 at 5.

It is true that under the Administrative Procedure Act ("APA"), a court's review of agency action is generally limited to the administrative record. San Luis, 776 F.3d at 992 (citation omitted); See also Fence Creek Cattle Co. v. U.S.F.S., 602 F.3d 1125, 1131 (9th Cir. 2010) ("Generally, judicial review of an agency decision is limited to the administrative record on which the agency based the challenged decision."). The Ninth Circuit has explained that "[t]his rule ensures that the reviewing court affords sufficient deference to the agency's action." San Luis, 776 F.3d at 992. Plaintiffs neglect to mention, however, that there are several exceptions to this rule. A reviewing court may consider extra-record evidence where admission of that evidence "(1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." San Luis, 776 F.3d at 992 (9th Cir. 2014) (citation omitted).

Outside of reference to this general standard of review, Plaintiffs offer no further support

for their request to prevent Intervenors from introducing extra-record evidence. The request is therefore denied. To the extent that Plaintiffs seek simply to ensure that Intervenors rely only on the administrative record absent a showing of some exception, no order by this Court is required, since all parties must follow this rule. To the extent that Plaintiffs seek to prevent Intervenors from arguing for an extra-record exception while the other parties remain able to do so, they have demonstrated no justification for this prohibition. Rather, any party that seeks to introduce evidence outside of the administrative record must satisfy the narrowly construed exceptions referenced above.

### 2.      **Limiting Intervenors to Filing a Single Brief**

Plaintiffs assert that "[I]ntervenors should be restricted to filing a single brief during the summary judgment proceedings; specifically, a brief in opposition to plaintiffs' motion for summary judgment." ECF No. 31 at 3. Plaintiffs argue that because the case will likely be resolved by summary judgment, restricting Intervenors to filing a single brief in opposition to Plaintiffs' motion for summary judgment will avoid undue prejudice to Plaintiffs and ensure an orderly resolution of this case. Id. Intervenors contest that limiting their ability to participate is inconsistent with the policies underlying Rule 24. ECF No. 42 at 6.

Plaintiffs' second request is also denied. Though they refer generally to "undue prejudice" and "orderly resolution," they have not demonstrated why it is necessary to limit Intervenors to a single brief, or what prejudice will occur if Intervenors are not so limited. The briefing schedule for the case has been set out by the separate Scheduling Order issued by the Court. ECF No. 48.

### CONCLUSION

For the reasons set forth above, the Court grants Intervenors' Motion to Intervene. Plaintiffs' requested restrictions on intervention are denied.

IT IS SO ORDERED.

Dated: April 7, 2016

_____
JON S. TIGAR
United States District Judge

6